UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

SHANKOMARE SUKHOO,

                Plaintiff,

v.

US BANK NATIONAL ASSOCIATION and
DOUGLAS WEINERT, ESQ.,

                Defendants.

------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-2060 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Shankomare Sukhoo, proceeding *pro se*, commenced the above-captioned action on April 3, 2018, against Defendants US Bank National Association ("US Bank") and Douglas Weinert, seeking to prevent the foreclosure and sale of real property located at 172-27 91st Avenue, Jamaica, New York 11432 (the "Property"). (Compl., Docket Entry No. 1.) Plaintiff asserts subject matter jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1332, and other laws.[1] (*Id.*) For the reasons discussed below, the Court dismisses the Complaint but grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

I. Background

The Complaint refers to various statutes, laws, regulations, and conclusions of law. (*Id.* at 3–7.) Based on Plaintiff's request for a "restraining order against [D]efendant(s) who lack standing to unlawfully sell plaintiff's . . . private property," (*id.* at 1), and references to

---

[1] Plaintiff cites several federal criminal statutes including 18 U.S.C. §§ 241, 242, 872, 873, 876, 880, and 1957, (Compl. 7), but does not allege any relevant facts in support of their violation by Defendants, (*see generally* Compl.).

mortgages and promissory notes, (*id.* at 4), the Property appears to be subject to foreclosure and sale. The Complaint also alleges that Plaintiff is a New York resident, and indicates a New York address for Weinert. However, the Complaint does not include any facts or documents from which the Court could infer that Defendants have engaged in conduct in violation of Plaintiff's rights, or that the Court has jurisdiction over this matter.

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the

Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that the district court "properly" dismisses an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. Subject matter jurisdiction

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

#### i. Federal question jurisdiction

Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks and citation omitted).

#### ii. Diversity jurisdiction

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on

diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Bartlett v. Honeywell Int'l Inc.*, --- F. App'x ---, ---, 2018 WL 2383534, at *2 (2d Cir. May 25, 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). In order for a court to have jurisdiction, diversity of citizenship need only exist at the time the action is commenced. *Dukes ex rel. Dukes v. New York City Emps.' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014) (first citing 28 U.S.C. § 1332(a); and then citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017) (citations omitted). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *New Canaan Capital Mgmt., LLC v. Ozado Partners LLC*, No. 16-CV-1395, 2017 WL 1157153, at *4 (S.D.N.Y. Mar. 25, 2017) (quoting *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009)); *see also Caren v. Collins*, 689 F. App'x 75, 75 (2d Cir. 2017) ("Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship." (citations omitted)). Moreover, "one may have more than one residence in different parts of this country or the world, but a person may have only one domicile." *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir.

2017) (quoting *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004)), *cert. denied*, 138 S. Ct. 282 (2017).

### c. The Court lacks jurisdiction

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the Court nevertheless lacks subject matter jurisdiction over Plaintiff's claims.

### i. The Court lacks federal question jurisdiction

The Court lacks federal question jurisdiction because Plaintiff's claims do not arise under the Constitution or laws of the United States. While Plaintiff invokes 42 U.S.C. § 1983 as a source of federal jurisdiction, (Compl. 1), such attempt is "patently without merit" because Plaintiff does not allege any facts to support a 1983 claim, including that US Bank or Weinert acted under color of state law. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (stating that to establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law.") (citations and internal quotation marks omitted); *see also Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952, 2016 WL 5720810, at *8 (S.D.N.Y. Sept. 30, 2016) (finding the court lacked subject matter jurisdiction because the plaintiff's section 1983 claims were "patently meritless"), *aff'd*, 709 F. App'x 92 (2d Cir. 2018). Plaintiff's invocation of 42 U.S.C. § 1983 without more does not satisfy Plaintiff's burden to demonstrate federal question jurisdiction. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (noting that federal question jurisdiction is lacking when "the purported federal claim is clearly immaterial and made

5

solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous") (internal quotation marks omitted).

### ii. The Court lacks diversity jurisdiction

The Court also lacks diversity jurisdiction because both Plaintiff and Weinert are domiciled in New York. Based on Plaintiff's New York address, (Compl. 1), it appears that he is a resident of New York, and there is no indication in the Complaint that he is domiciled elsewhere. Plaintiff alleges in the Complaint that Weinhert resides in New York, (Compl. 1), and does not allege any other facts indicating that Weinhert's domicile is elsewhere. The Court therefore lacks diversity jurisdiction. *See* 28 U.S.C. § 1332; *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18 (stating that jurisdiction based on 28 U.S.C. § 1332, requires "'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants" (citation omitted)); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."). Furthermore, Plaintiff has failed to plead any amount in controversy, let alone an amount in excess of $75,000. *See, e.g., Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1984) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

Accordingly, the Complaint fails to set forth facts to support federal question or diversity jurisdiction. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint. If Plaintiff intends to invoke the Court's diversity jurisdiction, Plaintiff

must establish complete diversity of citizenship (meaning that no Defendant can be a citizen of the same state as Plaintiff), and must set forth the amount in controversy in the amended complaint. *See, e.g., Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.") (internal quotation marks omitted) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). If Plaintiff intends to invoke the Court's federal question jurisdiction, Plaintiff must set forth sufficient factual content to support a federal claim that is "[]material," convincing the Court that the claim is not "made solely for the purpose of obtaining [federal] jurisdiction." *S. New England Tel. Co.*, 624 F.3d at 132.

### III. Conclusion

For the reasons discussed above, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

                                         ___s/ MKB_____
                                         MARGO K. BRODIE
                                         United States District Judge

Dated: September 5, 2018
       Brooklyn, New York